UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JAMES DORSEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 19-191 (RMC) |
| RAYMOND JONES, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

In June of 2013, after a failed attempt at a traffic stop by officers of the District of Columbia Metropolitan Police Department (MPD), a search was conducted of a residence believed to be inhabited by the owner of the vehicle. As it turns out, the house belonged not to the vehicle owner, but to Nika Dorsey (the Plaintiff's wife) and her family. The search turned up a laptop, four cell phones, and a revolver—all of which MPD seized. James Dorsey, the Plaintiff here, was subsequently convicted and sentenced to three years of incarceration for possessing the firearm without proper registration. During his criminal trial, Mr. Dorsey was represented by Raymond Jones.

Prior to this suit, Nika Dorsey brought and settled claims against the District of Columbia that the search violated her Fourth Amendment rights and those of her minor children. Now, Mr. Dorsey brings his own suit. The Court granted the motion for summary judgment filed by the District of Columbia and the MPD officers, thereby leaving only Mr. Dorsey's claims against his counsel, Mr. Jones. Mr. Dorsey's complaint appears to raise claims of ineffective assistance of counsel and malpractice against Mr. Jones. Mr. Jones moves to dismiss, or in the alternative for summary judgment. However, because this Court no longer has

1

jurisdiction over the case, the Court will remand the case to the Superior Court of the District of Columbia to resolve Mr. Dorsey's claims against Mr. Jones.

## I.     FACTS

The facts related to the MPD search and seizure were described in the Court's order granting the District's motion for summary judgment and will not be repeated in full here. *See Dorsey v. District of Columbia*, No. 19-cv-191, 2019 WL 3753336, at *1-2 (D.D.C. Aug. 8, 2019). The Court will only summarize the facts as they pertain to Mr. Jones' representation of Mr. Dorsey.

In June 2013, MPD conducted a search of the residence occupied by Mr. Dorsey, his wife, his wife's mother, and his wife's two children. *Id*. at *1. During the search, the police discovered a firearm and Mr. Dorsey was charged with the unregistered possession of said firearm. *Id*. at *2. Mr. Dorsey was originally represented by the District of Columbia Public Defender Service and another private attorney, but by the time of trial Mr. Jones was his counsel. *See* Def. Jones' Mot. to Dismiss or in the Alternative Mot. for Summ. J. (Mot.) [Dkt. 22] at 2.[1]

At trial, DNA analyst Andrea Borchardt-Gardner testified about the genetic material collected from the firearm and indicated that she "develop[ed] a partial DNA profile (i.e., eight of the fifteen locations that would constitute a full profile)" and that profile was from a male contributor. *Id*. She further testified that she compared the DNA profile found on the firearm with Mr. Dorsey's DNA profile and determined they were consistent. *Id*. Her conclusion at trial was not that Mr. Dorsey was a definitive match, but that he "could not be excluded as a possible contributor of the partial DNA profile recovered from the gun." *Id*. at 3.

---

[1] Page references to Mr. Jones' Motion are to the electronic case filing (ECF) page number.

In addition to her testimony about the specific profile located on the firearm, Ms. Borchardt-Gardner testified about DNA analysis in general and DNA transfer. Compl. [Dkt. 1-1] ¶ 17.

Mr. Dorsey alleges that Mr. Jones failed to cross examine Ms. Borchardt-Gardner about her "romantic relationship with someone in the U.S. Attorney [sic] Office" which the trial court indicated might be "reversible error." *Id*. ¶ 19. In addition, Mr. Dorsey challenges Mr. Jones' decision not to hire and call an independent DNA expert. *Id*. ¶¶ 21-23. Finally, Mr. Dorsey alleges that Mr. Jones failed to move to suppress the search warrant that resulted in the location of the firearm. *Id*. ¶ 23. After a presentation of all the evidence, a jury convicted Mr. Dorsey of unlawful possession of a firearm and he was sentenced to three years in prison. *Id*. ¶ 24.

Mr. Dorsey's complaint does not specifically indicate the legal theories behind his allegations against Mr. Jones, but the Court interprets his claims as legal malpractice under D.C. common law and ineffective assistance of counsel pursuant to D.C. Code § 23-110.

## II.  PROCEDURAL HISTORY

Mr. Dorsey first filed this case in the Superior Court of the District of Columbia. *James Dorsey v. District of Columbia*, C.A. No. 2018 CA 006146 B (D.C. Super. Ct. Aug. 27, 2018). The District Defendants removed the action to the U.S. District Court for the District of Columbia pursuant to 28 U.S.C. § 1446(b)(2)(A) because the claims against the District and MPD officers involved a federal question. *See* Notice of Removal of a Civil Action [Dkt. 1] at 2. The District Defendants then moved for dismissal or, in the alternative, for summary judgment; and the Court granted the motion leaving only Mr. Dorsey's claims against his counsel, Mr.

3

Jones. *See Dorsey*, 2019 WL 3753336. Mr. Jones also moved to dismiss or for summary judgment. The motion is ripe for review.[2]

### III. JURISDICTION

The Supreme Court has determined that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 93-102 (1998)). A court may not "assume jurisdiction for the purpose of deciding the merits of the case." *Id*. at 431. Thus, even if the parties do not raise the question of jurisdiction, the Court must *sua sponte* consider whether it has the power to decide the claims presented.

When this case was removed from Superior Court upon consent of all Defendants it included claims against the District of Columbia and MPD officers that qualified the case for federal-question jurisdiction. *See* 28 U.S.C. § 1331. The claims against Mr. Jones were also removed based on the Court's supplemental jurisdiction over related questions. *See* 28 U.S.C. § 1367(a). However, now that the federal claims have been dismissed, the only remaining claims lack the requisite connection to federal court. Mr. Dorsey's claims of legal malpractice and ineffective assistance of counsel both raise questions of D.C. law, not federal law, and were properly brought in Superior Court. Additionally, the Complaint indicates that both Mr. Dorsey and Mr. Jones reside in the District of Columbia; thus, the Court also lacks diversity jurisdiction over the claims. *See* Compl. ¶¶ 2-3; 28 U.S.C. § 1332.

---

[2] *See* Mot.; Pl.'s Opp'n to the Def.'s Raymond Jones Motio [sic] for Summ. J. [Dkt. 25].

Finally, the plaintiff is ordinarily entitled to select the forum in which he wishes to proceed, *see Sinochem*, 549 U.S. at 436, and Mr. Dorsey selected the District of Columbia Superior Court. While this case was properly removed to the District Court, it is this Court's responsibility to "employ its discretion to determine whether to exercise supplemental jurisdiction over the ancillary state-law claims." *Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 414 (D.C. Cir. 2014) (citing *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 167, 172-73 (1997)). When the federal question is eliminated before a final disposition in the case, the district court should remand the case rather than dismiss it. *See id.*; *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The federal question in this case has been dismissed and the only remaining issues are questions of D.C. law. Therefore, the Court will remand the case to the Superior Court.[3]

---

[3] While the Court does not comment on the merits of Mr. Dorsey's claims against Mr. Jones, it will note that Mr. Dorsey's claims are not barred by the statute of limitations. In D.C., "a plaintiff's right of action in a legal malpractice case does not accrue until the plaintiff has knowledge of, or by the exercise of reasonable diligence should have knowledge of (1) the existence of the injury; (2) its cause in fact; and (3) some evidence of wrongdoing." *Ray v. Queen*, 747 A.2d 1137, 1141 (D.C. 2000). While this "discovery rule" provides the earliest time at which a claim can accrue, D.C. also follows the continuous representation rule which requires that the accrual is itself "tolled until the attorney ceases to represent the client in the specific matter at hand." *R.D.H. Commc'ns, Ltd. v. Winston*, 700 A.2d 766 at 768 (D.C. 1997). However, the statutory period is also subject to tolling in various situations; relevant here, the period is tolled while a plaintiff is imprisoned. *See* D.C. Code § 12-302(a); *see also Brown v. Jonz*, 572 A.2d 455, 456-57 (D.C. 1990) (finding claim of legal malpractice was tolled during imprisonment). Mr. Jones represented Mr. Dorsey through sentencing, at which point Mr. Dorsey was imprisoned, thereby tolling his claims. The statute of limitations clock began to run upon Mr. Dorsey's release on July 17, 2017 and his claim was timely filed just over one year later, on August 27, 2018.

## IV. CONCLUSION

Because this Court lacks subject-matter jurisdiction over the remaining claims, the case will be remanded to the Superior Court of the District of Columbia. A memorializing Order accompanies this Memorandum Opinion.


Date: October 30, 2019

                                                ROSEMARY M. COLLYER
                                                United States District Judge